UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NIKKO D'AMBROSIO | Case No. 23 CR 323<br><br>Hon. Elaine Bucklo<br>District Judge |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

The UNITED STATES OF AMERICA by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby responds to defendant NIKKO D'AMBROSIO's motion to modify his conditions of release. In response, the government states as follows:

**INTRODUCTION**

1. Defendant moves the Court to permit him to travel internationally on vacation to Sweden. Dkt. 24. The government opposes defendant's request, because he has not even attempted to comply with the condition of his release related to international travel and has failed to provide the government with anything approaching a full itinerary. Moreover, the government questions the wisdom of sanctioning a last-minute international vacation shortly after a trial date is scheduled. Defendant's motion should be denied.

**BACKGROUND**

2. On May 22, 2023, a grand jury indicted defendant on two counts of filing a false tax return, in violation of 26 U.S.C. § 7206(1). Dkt. 1.

3. On May 31, 2023, defendant appeared before the Honorable Magistrate Judge Sheila Finnegan for his initial appearance and arraignment. Dkt. 8.

4. During defendant's arraignment, Judge Finnegan imposed a set of conditions of release, which were agreed upon by the parties. Dkt. 9. Included among those agreed-upon conditions is a travel restriction which requires defendant to "[n]otify the government and Pretrial Services of any proposed international travel with a full itinerary no less than two weeks before departure." *Id*. at 2 (Checking box (7)(f)).

5. On September 27, 2023, the Court held a status hearing during which it scheduled trial to begin on December 11, 2023. Dkt. 20. During the status hearing, defense counsel asked the Court if defendant could travel internationally for a vacation. Defense counsel acknowledged that he had not consulted with the government beforehand. The Court asked the government for its position. Counsel for the government stated that he could not form a position in the abstract and would need details of defendant's proposed travel before coming to a position.

6. The next day, on September 28, 2023, defense counsel called the undersigned counsel, asking if the government would object to defendant travelling internationally. Government counsel reiterated that an itinerary was needed for the government to form a position.

7. Later that morning, defense counsel forwarded to the government an email from his client, which appeared to be an airline ticket receipt for a roundtrip

2

flight from Chicago O'Hare Airport to Stockholm, Sweden on SAS Scandinavian Airlines. *See* Ex. 1 at 3. That ticket proposed defendant departing on a non-stop flight from O'Hare at 4:00 p.m. the same day, September 28, and returning from Stockholm on a non-stop flight on October 16, 2023. *Id*.

8. The government responded to defense counsel's email approximately 15 minutes later, referring to Condition (7)(f) of defendant's conditions of release, and writing that (1) defendant's late notification of approximately five hours before his flight would prevent the government from providing its position in time; (2) in the government's view, a "full itinerary" would also include information regarding defendant's lodging and travel plans while in Europe; and (3) asking if defendant notified Pretrial Services. *Id*. at 1. The government did not receive a response.

9. On the next day, September 29, 2023, the undersigned received an email from Pretrial Services Officer Specialist Kathryn Chapman, forwarding an email from defendant, and advising that Pretrial Services would not take a position on defendant's travel because it was not monitoring his case. Ex. 2 at 1. In the forwarded email, defendant writes that he "will be staying at a hotel called the AT SIX Hotel," and includes another plane ticket receipt for a roundtrip flight from Chicago O'Hare Airport to Stockholm, Sweden on SAS Scandinavian Airlines. *See id*. That ticket proposed defendant departing on a non-stop flight from O'Hare at 4:00 p.m. on October 4, 2023, and returning from Stockholm on a non-stop flight on October 23, 2023. *Id*. at 2.

3

10. After receiving the email, the undersigned spoke to defense counsel by telephone, and stated that because defendant did not attempt to comply with Condition 7(f) of his conditions of release, and because a trial date was set immediately before defendant booked his travel, the government would oppose his international travel.

11. On October 3, 2023, defendant filed his amended motion, asking the Court "to allow him to travel to Sweden from October 11, 2023 through October 30, 2023." Dkt. 24 at 1. Defendant claims that "[o]ver the past several years, he has traveled to Sweden several times for vacation." *Id.* Defendant further states that "[s]hould the Court approve this motion, Defendant will book hotels and share an exact itinerary with pretrial services." *Id.* at 2.

12. On October 5, 2023, defendant and the government arrived in court as noticed by defendant. While there, defense counsel provided counsel for the government with a paper copy of an airline reservation for a flight to Stockholm leaving the following day. That reservation has now lapsed.

## **ARGUMENT**

13. The Court should deny defendant's motion, for at least two reasons.

14. First, defendant has not complied with the pre-trial release condition he agreed to regarding international travel plans. That condition requires defendant to "[n]otify the government and Pretrial Services of any proposed international travel with a full itinerary no less than two weeks before departure." Dkt. 9 at 2. Rather

4

than comply with this explicit directive, defendant has made multiple last-minute requests seeking the government's endorsement of his vacation mere hours before his flight is to depart, while providing nothing more than an airline reservation and no itinerary describing what he will be doing or where he will be staying while in Europe.

15.  Second, as noted above, the Court has now scheduled trial for December 11, 2023 (*see* Dkt. 20)—approximately two months from now. Defendant—who has been under indictment since May—did not request or even mention international travel until after the Court scheduled his trial. And his request to travel is not related a long-planned business commitment or medical treatment. It is simply to go on last-minute vacation in Scandinavia in October.[1]

16.  The government respectfully submits that if defendant wishes to take vacation, he should travel within the country to ensure his appearance at trial in December. Such a restriction would not be too onerous and would not infringe on defendant's constitutional rights. *See, e.g., Haig v. Agee*, 453 U.S. 280, 307 (1981) (rejecting the argument that the right to international travel is equivalent to the constitutional right to interstate travel, noting that the Supreme Court "has often pointed out the crucial difference between the freedom to travel internationally and the right of interstate travel").

---

[1] Defendant's representation that "Over the past several years, he has traveled to Sweden several times for vacation" does not align with what he told Pretrial Services in May. Indeed, defendant's bail report states that "The defendant indicated he has a passport and last traveled internationally to Cabo San Lucas in 2021. He explained he typically travels internationally once every 3-4 years. This information was verified by defendant's brother." N. D'Ambrosio Pretrial Services Report at 2.

## **CONCLUSION**

17. For the reasons discussed above, the government respectfully requests the Court deny defendant's motion.

        Respectfully submitted.

        MORRIS PASQUAL
        Acting United States Attorney

By: ***Brandon D. Stone***
        Brandon D. Stone
        Assistant United States Attorney
        219 S. Dearborn Street, Rm. 500
        Chicago, Illinois 60604
        (312) 613-9700

DATE: October 10, 2023