

FILED
1/19/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

NIKKO D'AMBROSIO

No. 23 CR 323

Judge Thomas M. Durkin

## **PROPOSED FINAL JURY INSTRUCTIONS**

1

DRAFT

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You should not take anything I said or did during the trial as indicating what I think of the evidence or what I think your verdict should be.

2

DRAFT

You must make your decision based only the evidence that you saw and heard in court. You may not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. Any statements and arguments that the lawyers made are not evidence. If what a lawyer said is different from the evidence as you heard or saw it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question or evidence is improper. If I sustained an objection to questions the lawyers asked, you must not speculate on what the answer might have been. If I struck testimony or an exhibit from the record, or told you to disregard something, you must not consider it.

DRAFT

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it was raining outside is testimony by a witness that it was raining. Circumstantial evidence that it was raining outside is the observation of someone entering a room carrying a wet umbrella.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

4

DRAFT

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony.

Do not make any decisions by simply counting the number of witnesses who testified about a certain point.

What is important is how believable the witnesses were and how much weight you think their testimony deserves.

You may accept all of what a witness said, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

DRAFT

You may have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court.

If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.

6

DRAFT

You heard testimony that the defendant made a statement to law enforcement officials with the Internal Revenue Service. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

You heard a witness, namely, Internal Revenue Service Revenue Agent Rehman ("Ray") Shami, who gave opinions and testimony about tax deficiency calculations. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

You heard a witness, namely, Dr. Steven Farmilant, who gave opinions and testimony regarding a psychological evaluation of the defendant. You should judge this witness' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

DRAFT

Certain summaries and charts were admitted in evidence. You may use these summaries and charts as evidence. The underlying documents were also admitted in evidence so that you may determine whether the summaries are accurate.

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These are sometimes called demonstratives or demonstrative exhibits. These summaries and charts are not themselves evidence or proof of any facts, so you will not have these particular summaries and charts during your deliberations. If they do not correctly reflect the facts shown by the evidence, you should disregard the summaries and charts and determine the facts from the underlying evidence.

DRAFT

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

9

DRAFT

It is proper for an attorney to interview any witness in preparation for trial.

DRAFT

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant Nikko D'Ambrosio committed the crimes of making or causing to be made false statements in his personal income tax returns. The defendant has pleaded not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

DRAFT

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

DRAFT

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.

DRAFT

Counts One and Two of the indictment charge the defendant with filing a false tax return. In order for you to find the defendant guilty of this charge, the government must have proved each of the five following elements beyond a reasonable doubt:

1.      The defendant prepared an income tax return or caused someone to prepare an income tax return; and

2.      The income tax return was false as to a material matter, as charged in the Count; and

3.      The defendant signed the income tax return, which contained a written declaration that it was made under penalties of perjury; and

4.      The defendant acted willfully, that is, he knew that he had a legal duty to file a truthful tax return, but when he signed the return, he did not believe that it was truthful as to a material matter; and

5.      The defendant filed or caused someone to file the income tax return with the Internal Revenue Service.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty of that charge.

14

DRAFT

A false matter is "material" if the matter was capable of influencing the Internal Revenue Service or had the potential for hindering the Internal Revenue Service's efforts to monitor and verify the tax liability of the taxpayer. A charge of filing a false tax return does not require proof of a tax deficiency.

DRAFT

The indictment charges that the crimes happened "on or about" certain dates. The government must have proved that the crimes happened reasonably close to those dates. The government is not required to have proved that the crimes happened on those exact dates.

DRAFT

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

DRAFT

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

DRAFT

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Android, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, TikTok, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

DRAFT

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

DRAFT

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

You should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

DRAFT

DRAFT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

NIKKO D'AMBROSIO

No. 23 CR 323

Judge Thomas M. Durkin

## **VERDICT FORM**

**COUNT ONE (False Statements in Tax Filing as to the year 2019):**

With respect to COUNT ONE of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

**COUNT TWO (False Statements in Tax Filing as to the year 2020):**

With respect to COUNT TWO of the Indictment, we, the jury, find as follows as to the defendant:

NOT GUILTY _____        GUILTY _____

SO SAY WE ALL:

_____        _____

FOREPERSON

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____

DATE

DRAFT